# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Sherry Lynn Roberts,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Kilolo Kijakazi, Commissioner of Social Security,<br><br>　　　　　Defendant. | 2:22-cv-00780-VCF<br><br>**Order**<br><br>MOTION TO REMAND [ECF NO. 16]; CROSS-MOTION TO AFFIRM [ECF NO. 17] |

This matter involves plaintiff Sherry Lynn Roberts's request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. Roberts filed a motion for remand (ECF No. 16) and the Commissioner filed a cross-motion to affirm. (ECF No. 17). I deny plaintiff's motion to remand and grant the Commissioner's cross-motion.

**I.    Background**

Sherry Lynn Roberts filed an application for supplemental security income on January 22, 2018, alleging disability commencing on December 31, 2016. AR[1] 61-62. The ALJ followed the five-step

---

[1] The Administrative Record ("AR") is at ECF No. 12.

1

sequential evaluation process for determining whether an individual is disabled.  20 C.F.R. § 404.1520. The ALJ agreed that Roberts did not engage in substantial gainful activity since her application date. (step one). AR 19. The ALJ found plaintiff suffered from the severe impairments consisting of fibromyalgia and degenerative disc disease status post cervical rusion, neither or which meet or medically equal any or the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. AR 19-21.

The ALJ assessed Roberts as retaining the residual functional capacity ("RFC") to perform light exertion as defined in 20 C.F.R. § 404. 1567(b):

> She can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk for two hours and sit about six hours with normal breaks. She can frequently push and/or pull hand and foot controls with her upper and lower extremities; she can occasionally climb ramps and/or stairs, but cannot climb ladders, ropes, and/or scaffold s. She can occasionally balance, stoop, kneel, crouch, and crawl; she can frequently reach overhead with both upper extremities; she must avoid concentrated exposure to extreme cold, vibration, and hazards.

AR 21.

The ALJ found plaintiff could perform her past relevant work as a consultant. AR 25. The ALJ determined that plaintiff has not been under a disability since December 31, 2016. AR 25.

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because he failed to properly evaluate the opinion of plaintiff's long-time treating mental health provider, Kristy Muir, APRN. ECF No. 16. The plaintiff also argues that the ALF failed to consider plaintiff's subjective complaints. *Id.* at 16. The defendant asserts that the ALJ evaluated plaintiff's symptom allegations and reasonably found them inconsistent with generally normal examination findings, improvement with treatment, and daily activities. ECF No. 17 and 18 at 3. The defendant also

argues that the ALJ reasonably found Nurse Muir's opinion unpersuasive. *Id.* at 10. The plaintiff argues in her reply that the ALJ's decision contains legal errors sufficient to justify remand. ECF No. 19.

II. **Discussion**

    a. **Legal Standard**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security plaintiffs have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1154, 1157; *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (quoting *Biestek*); see also *Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). The substantial evidence standard is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding—itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152-53 (1999). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine

3

whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### b. Analysis

#### i. Kristy Muir, APRN

The ALJ evaluated the various medical opinions related to plaintiff's mental functional capacity, including that of Nurse Kristy Muir. AR 24. Nurse Muir treated plaintiff since 2013. AR 731. New regulations were adopted for evaluating medical evidence in social security cases that apply to claims filed on or after March 27, 2017. See 20 C.F.R. pts. 404, 416. Prior to the adoption of these regulations, there was a hierarchy applied to evaluate medical opinions with treating physicians given substantial weight, examining physicians were given greater weight than non-examining physicians, and physicians who only review the record were given less weight than treating or examining physicians. See *Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022). "To reject either a treating or examining physician's opinion, an ALJ [had to] provide 'clear and convincing reasons,' if the opinion is uncontradicted by other evidence, or 'specific and legitimate reasons' otherwise, and the reasons must be supported by substantial evidence." *Id.* (citing *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017)). The opinion of a non-examining or reviewing physician could not "'by itself constitute substantial evidence that justifies the

rejection of the opinion of either an examining physician or a treating physician.'" *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)).

Under the new regulations, "there is not an inherent persuasiveness to evidence from [government consultants] over a [a claimant's] own medical source(s), and vice versa." *Id.* at 791 (quotation marks and citation omitted). "'The most important factors' that the agency considers when evaluating the persuasiveness of medical opinions are 'supportability' and 'consistency'." *Id.* (citing 20 C.F.R. § 404.1520c(a)). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Id.* at 791-92 (citing 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792 (citing 20 C.F.R. § 404.1520c(c)(2)).

One of the reasons given by the ALJ for finding Nurse Muir's opinions unpersuasive is supportability. The ALJ stated that, "the treatment record indicates one psychiatric hospitalization during the relevant period. Ms. Muir's clinical findings document anxiety symptoms, but are otherwise mostly normal (Exhibits 4F; 12F; and 24F, pp. 6, 7, 37)." AR 24. The ALJ also discussed whether Nurse Muri's opinions were consistent or inconsistent with the other medical evidence in the record, including the state agency consultant's opinions. *Id.*  The ALJ articulated how persuasive he found all the medical opinions from each doctor or source. The ALJ also explained how he considered the supportability and consistency factors in reaching his findings. See 20 C.F.R. § 404.1520c(b)(2)). I find that the ALJ did not err and uphold the ALJ's conclusion.

### ii. Plaintiff's symptom allegations

Credibility and similar determinations are quintessential functions of the judge observing witness testimony, so reviewing courts generally give deference to such assessments. See, e.g., *Icicle Seafoods,*

*Inc. v. Worthington*, 475 U.S. 709, 714, 106 S. Ct. 1527, 89 L. Ed. 2d 739 (1986). In the Social Security context, "[t]he ALJ is responsible for determining credibility." *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995). An ALJ's assessment of a claimant's testimony is generally afforded "great weight" by a reviewing court. See, e.g., *Gontes v. Astrue*, 913 F. Supp. 2d 913, 917-18 (C.D. Cal. 2012) (citing *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Circ. 1989) and *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985)). If an ALJ's determination to discount a claimant's testimony is supported by substantial evidence, a court should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).[2]

  The ALJ must engage in a preliminary two-step analysis before discounting the claimant's testimony regarding her subjective symptoms. SSR 16–3p; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment, "which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991). The claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). If the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms by offering specific, clear and convincing reasons for doing so." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). To reject the claimant's testimony, the ALJ must point to specific facts in the record that demonstrate the individual's symptoms are less severe than she claims. *Vasquez*

---

[2] The regulations previously asked the ALJ to assess "credibility." Social Security Ruling 96-7p, 1996 SSR LEXIS 4. The current regulations require the ALJ to instead "evaluate" the claimant's statements. Social Security Ruling 16-3p, 2016 SSR LEXIS 4, 1996 SSR LEXIS 4. This change does not alter the deferential nature of the Court's review.

*v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009). General findings are not enough: the ALJ must identify which testimony is not credible and what evidence undermines it. *Lester*, 81 F.3d at 834.

In evaluating a claimant's testimony, the ALJ may use ordinary techniques of credibility evaluation. *Turner v. Comm'r Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010). For example, an ALJ may consider factors such as: (i) inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct; (ii) whether the claimant engages in daily activities inconsistent with the alleged symptoms; or (iii) functional restrictions caused by the symptoms. *Rounds v. Comm'r SSA,* 807 F.3d 996, 1006 (9th Cir. 2015).

The ALJ reviewed plaintiff's impairments, history of treatment, and the effects of the treatments on her impairments/symptoms. The ALJ cited to objective evidence in the record that he found inconsistent with plaintiff's allegations. For example, the ALJ noted that in July 2018, plaintiff had full motor strength and normal reflexes, despite positive tender points. AR 23. The ALJ also considered the inconsistency between plaintiff's allegations of extreme symptoms and her generally mild objective examination findings post-surgery. The ALJ found that plaintiff's allegations were inconsistent with evidence indicating that she improved after treatment. The ALJ considered the fact that plaintiff had a successful surgery in October 2016 and had significant improvement in her symptoms by her six-month post-surgery appointment. AR 23. At the hearing, plaintiff testified that her medications successfully eased her symptoms. AR 22. The ALJ also found that plaintiff's allegations were inconsistent with her admitted activities. The ALJ considered the fact that plaintiff admitted that she could dress and bathe herself, helped prepare meals, drove, did some laundry, read and watched television, and attended various doctors' appointments weekly or every other week. AR 22. The ALJ found that plaintiff's admitted activities were inconsistent with her allegations. The ALJ reasonably found that plaintiff's allegations were not consistent with the overall record, which meets the substantial evidence standard. I

have reviewed the administrative record as a whole and I find that the ALJ's decision is wholly supported by substantial evidence. I deny the motion for remand.

Accordingly,

I ORDER that plaintiff Roberts's motion for reversal and/or remand (ECF No. 16) is DENIED and the Commissioner's cross-motion to affirm (ECF No. 17) is GRANTED.

DATED this 5th day of January 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE